[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15831
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2012
JOHN LEY
CLERK

D.C. Docket No. 0:04-cr-60237-WJZ-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIMMY SUAREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 22, 2012)

Before EDMONDSON, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Jimmy Suarez appeals his sentence of 24 months' imprisonment, imposed

upon revocation of his supervised release. He contends that his sentence, which was above the guideline range of 12 to 18 months, was substantively unreasonable because it was greater than necessary to serve the purposes of 18 U.S.C. § 3553(a).

We review a district court's revocation of supervised release for an abuse of discretion and the sentence imposed upon revocation of supervised release for reasonableness. *United States v. Velasquez-Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008).

A sentence is substantively unreasonable if, considering the totality of the circumstances, the court weighed the § 3553(a) factors unreasonably and imposed a sentence that did not achieve the purposes of sentencing outlined in § 3553(a). *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S.Ct. 1813 (2011).[1] The weighing of these factors is within the discretion of the district court, and we do not substitute our own judgment or reweigh those factors on appeal. *United States v. Saac*, 632 F.3d 1203, 1214–15 (11th Cir.), *cert. denied*, 132 S.Ct. 139 (2011).

---

[1] When imposing a sentence upon revocation of supervised release, district courts should consider the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to deter criminal conduct, protect the public from further crimes, provide the defendant with needed training or treatment; the relevant guidelines and policy statements and any relevant acts of Congress; the need to avoid disparities between similarly situated defendants; and the need for restitution, if relevant. 18 U.S.C. §§ 3553(a), 3583(e).

Here, the district court considered Suarez's multiple violations of the conditions of supervised release. Suarez admitted to numerous substantial violations of his release conditions.[2] The court reasoned that an above-guidelines sentence was therefore appropriate to serve the purposes of § 3553(a), and we decline to re-weigh the § 3553(a) factors.

**AFFIRMED.**

---

[2] At the revocation hearing, Suarez admitted to the following violations: failing to refrain from violating the law by committing the Florida offense of witness tampering in September 2010; failing to submit to mandatory drug testing 14 times between March and July 2010; failing to participate in an approved drug treatment program; failing to report to his probation officer; failing to submit a written report to his probation officer; failing to comply with the probation officer's instructions about a job search form; leaving the judicial district without permission from his probation officer; failing to notify his probation officer of his change of residence; and failing to notify his probation officer within 72 hours of his July 2010 arrest.